**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| Joseph Huffer, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   1:17-cv-258 |
| Mercer Belanger, an Indiana law firm, | ) ) ) | |
| Defendant. | ) | Jury Demanded |

**COMPLAINT – CLASS ACTION**

Plaintiff, Joseph Huffer, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's form debt collection letter violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendant reside here.

**PARTIES**

3.     Plaintiff, Joseph Huffer ("Huffer"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt which he allegedly owed to The Huntington National Bank.

4.     Defendant, Mercer Belanger ("Mercer"), is an Indiana law firm that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the

mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.

Defendant Mercer operates a debt collection business and attempts to collect debts

from consumers in the State of Indiana.  In fact, Defendant Mercer was acting as a debt

collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

     5.     Defendant Mercer is authorized to conduct business in Indiana, and

maintains a registered agent here, <u>see</u>, record from the Indiana Secretary of State,

attached as Exhibit <u>A</u>.  In fact, Defendant Mercer conducts business in Indiana.

## FACTUAL ALLEGATIONS

     6.     Defendant Mercer sent Mr. Huffer an initial form collection letter, dated

June 9, 2016, demanding payment of a delinquent consumer debt owed for a home

loan.  This letter stated, in pertinent part:

* * *

> Federal law gives you thirty (30) days after you receive this letter to
> dispute the validity of the debt or any part of it.  If you don't dispute the
> debt within that period, I'll assume that it's valid.  If you do dispute it – by
> notifying me to that effect – I will, as required by the law, obtain and mail
> to you proof of the debt.  And if, within the same period, you request the
> name and address of your original creditor, if the original creditor is
> different from the current creditor, I will furnish you with that information
> too.
>
> If you request proof of the debt or the name and address of the original
> creditor within the thirty (30) day period that begins with your receipt of this
> letter, the law requires me to suspend my efforts (through litigation or
> otherwise) to collect the debt until I mail the requested information to you.

* * *

Nowhere in Defendant's letter did it advise Mr. Huffer that disputes had to be in writing,

to be effective, and so that he could require Defendant Mercer to provide validation of

the debt.  A copy of this letter is attached as Exhibit <u>B</u>.

2

7.     Violations of the FDCPA which could lead a consumer to alter his or her course of action as to whether to pay or whether to dispute a debt, or which would be a factor in the consumer's decision-making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012).  Whether disputing a debt could be done orally, by simply picking up the phone, or whether a consumer needs to make a written dispute, is material information that would play a role in a consumer's decision of whether to dispute a debt.  Moreover, disclosure of the information is mandatorily required by the plain language of the FDCPA and is therefore material, see, Janetos v. Fulton, Friedman & Gullace, 825 F.3d 317 (7th Cir. 2016).

8.     Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

9.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692g**
**Ineffective Validation Notice**

10.     Plaintiff adopts and realleges ¶¶ 1-9.

11.     Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, it had to provide the consumer with an effective validation notice, containing, among other disclosures, "(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt", as well as "(5) a statement that, upon the consumer's written request within the thirty-

day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." see, 15 U.S.C. § 1692g(a)(4) and (5).

12.     Nowhere in Defendant Mercer's June 9, 2016 initial collection letter to Plaintiff (Exhibit B) does it state that Plaintiff's dispute to Defendant Mercer had to be in writing to protect his right to obtain validation of the debt, or that a request for the name of the original creditor had to be in writing.  Thus, Defendant Mercer has violated § 1692g of the FDCPA, see, McCabe v. Crawford & Co., 272 F. Supp. 2d 736, 742-743 (N.D. Ill. 2003); Matmanivong v. NCC, 2015 U.S. Dist. LEXIS 15054 at [*26]-[*27](N.D. Ill. 2015); and Bishop v. Ross Earle & Bonan, 817 F.3d 1268, 1274 (11th Cir. 2016).

13.     Defendant Mercer's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

14.     Plaintiff adopts and realleges ¶¶ 1-9.

15.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

16.     Defendant Mercer, by failing to advise Plaintiff that his dispute must be in writing for it to be effective, and that any request for the name of the original creditor had to be in writing, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

17.     Defendant Mercer's violation of § 1692f of the FDCPA renders it liable

for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

18.     Plaintiff, Joseph Huffer, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendant Mercer attempted to collect a delinquent consumer debt, allegedly owed for a home loan, via the same form collection letter (Exhibit B), that Defendant Mercer sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendant Mercer's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

19.     Defendant Mercer regularly engages in debt collection, using the same form collection letter it sent Plaintiff Huffer, in its attempts to collect delinquent consumer debts from other persons.

20.     The Class consists of more than 35 persons from whom Defendant Mercer attempted to collect delinquent consumer debts, by sending other consumers the same form collection letter it sent Plaintiff Huffer.

21.     Plaintiff Huffer's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

22.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual

members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendant Mercer has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

23.    Plaintiff Huffer will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant Mercer's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff Huffer has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Joseph Huffer, individually and on behalf of all others similarly situated, prays that this Court:

1.    Certify this action as a class action;

2.    Appoint Plaintiff Huffer as Class Representative of the Class, and his attorneys as Class Counsel;

3.    Find that Defendant Mercer's form collection letter violated the FDCPA;

4.    Enter judgment in favor of Plaintiff Huffer and the Class, and against Defendant Mercer, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5.    Grant such further relief as deemed just.

6

## JURY DEMAND

Plaintiff, Joseph Huffer, individually and on behalf of all others similarly situated,

demands trial by jury.

Joseph Huffer, individually and on
behalf of all others similarly situated,

By:/s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: January 26, 2017

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com