UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH HUFFER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cv-00258-MJD-SEB |
| ) | |
| MERCER BELANGER, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING FINAL APPROVAL OF
CLASS ACTION SETTLEMENT**

This cause comes before the Court on Class Counsel's agreed motion to award attorneys' fees and costs [Dkt. 34] and the parties' motion for final approval of the Class Action Settlement Agreement and for Dismissal of this action pursuant to the terms of the Class Action Settlement Agreement [Dkt. 35], due notice having been given, and the Court being duly advised in the premises:

THE COURT HEREBY FINDS THAT:

1. The parties entered into a Class Action Settlement Agreement ("Settlement Agreement"), dated June 20, 2017.

2. On July 17, 2017, that Settlement Agreement was, pursuant to F.R.C.P. 23, preliminarily approved and a Class was certified in this matter.

3. Pursuant to ¶ 11 of the Settlement Agreement, the Notice of Class Action was mailed by Class Counsel, to each of the approximately 800 members of the Class. 110 notices were returned by the United States Postal Service as undeliverable, and 29 with a forwarding address and were re-mailed.

4. No objections were received, no members of the Class sought leave of this Court to intervene, and 4 members of the Class opted-out of this action (Kristopher L. and Valery A. Hornberger, Carol N. Bernard, Edward Gaeta and Ashfaq Hussain), while 125 members of the Class have returned the claim form.

5. The Complaint in this action alleged that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

6. Defendant denies that it has in any way violated the FDCPA.

7. The Complaint sought recovery of statutory damages pursuant to § 1692k of the FDCPA. Under § 1692k, the maximum statutory damages recoverable by an individual plaintiff is $1,000 and the maximum statutory damages recoverable by a class is the lesser of 1% of the Defendant's net worth or $500,000. Here, Defendant's net worth would result in no recovery for the Class.

8. The Settlement Agreement sets forth that Defendant Mercer changed the form of the collection letter at issue. Defendant Mercer has agreed to pay $1,000 to the Class Representative, Joseph Huffer, and pay $5,000 to the Class to be distributed pro-rata to each of class member who did not exclude themselves and who returned the claim form.

9. The Court finds that the settlement negotiations were conducted at arms-length and in good faith among all counsel and that the terms of the Settlement Agreement are fair, reasonable and adequate to Plaintiff and all members of the Class. In addition to the other facts stated herein, the Court finds the Settlement Agreement to be particularly fair, adequate and reasonable in light of the risk of establishing liability and the expense of further litigation.

10. Pursuant to ¶ 9 of the Settlement Agreement, the $5,000 Class settlement fund shall be distributed, within 30 days of the final approval of the settlement, by Class Counsel, as set forth above, by U.S. Mail to each of the members of the Class who did not exclude themselves and who returned the claim form, which will thus mean that the 125 class members, who did not exclude themselves and whose notice was not returned as undeliverable, will receive $40 each. Any portion of the $5,000 which is unclaimed by the Settlement Class, because the Settlement check is returned as undeliverable or without a forwarding address, or because the check remains uncashed 60 days after distribution, or because money is left over after distribution, shall be distributed to Indiana Legal Services, Inc., as a *cy pres* remedy. Pursuant to ¶ 10 of the Settlement Agreement, 120 days after final approval, Class Counsel shall provide the Court and Defendant's Counsel with a report regarding the number of checks that were returned or were not cashed and the amount distributed to the *cy pres* recipient.

11. Pursuant to ¶ 8 of the Settlement Agreement, Defendant Mercer has agreed to pay $22,500 to Class Counsel for their attorneys' fees and costs and $2,500 for class notice/administration that they have incurred in this matter. Class Counsel has submitted a motion detailing their current hourly rates ($595 for David J. Philipps, $585 for Mary E. Philipps, $295 per hour for associate, Angie K. Robertson, and $210 for paralegals), the hours worked and costs incurred in this matter. [Dkt. 34.] This Court finds the rates and hours reasonable and, accordingly, grants Class Counsel's motion, and the Court hereby approves the $25,000 amount that Defendant Mercer has agreed to pay to Class Counsel for their fees and costs.

12. Pursuant to ¶ 9 of the Settlement Agreement, if no one intervenes or objects to this Settlement, Defendant Mercer shall pay to the Philipps & Philipps, Ltd., Fiduciary Account (E.I.N. 36-4325073), within 7 days of final approval of this Settlement Agreement by the District Court, the amount of $31,000, for the amount due the Class Representative ($1,000), for the amount due to the Class Members ($5,000) and for attorneys' fees and costs, ($25,000), which amount will be held in trust until the 30-day appeal period has run. If a Class Member objects or intervenes, then these amounts shall be paid within 14 days, after the appeal period has run or, if any appeal is filed, then within 14 days of the final resolution of all appeals. Moreover, within 120 days after final approval of this Settlement by the District Court, Class Counsel shall provide Defendant's Counsel and the Court with a report stating the number of Class Members' checks which were returned or remain uncashed, and shall pay Indiana Legal Services, Inc. any unclaimed portion of the Class Settlement Fund. If Defendant elects to issue a Form 1099-MISC at year-end they must name "Philipps & Philipps, Ltd. (EIN #36-4325073)" as the sole "Payee" and they must list the full settlement amount in Box 14 for "Gross proceeds paid to an attorney."

13. Accordingly, Class Counsel's unopposed motion to award attorneys' fees and costs [Dkt. 34] and the parties' motion for final approval of the Class Action Settlement Agreement and for Dismissal of this action pursuant to the terms of the Class Action Settlement Agreement [Dkt. 35] are hereby **GRANTED**.

**IT IS HEREBY ORDERED THAT:**

1. The Settlement Agreement, dated June 20, 2017, is hereby **APPROVED**.
2. Plaintiff and the Class shall be forever barred and enjoined from

       instituting or further prosecuting, in any forum whatsoever, including but not limited to, any State, Federal, or Foreign Court, against Mercer Belanger, its past or present parents, affiliates, subsidiaries, successors, predecessors, and assigns, and their present or former directors, officers, employees, partners, members, principals, employees, agents, insurers and attorneys (the "Released Parties"), any and all claims that were asserted or alleged or which could have been asserted or alleged in this lawsuit; the Released Parties shall be barred and estopped identically from pursuing any claim for relief under 15 U.S.C. § 1692k(a)(3), 28 U.S.C. § 1927, or F.R.C.P. Rule 11, against Plaintiff, his Counsel, or any member of the Class arising out of the claims asserted or alleged, or which could have been asserted or alleged, against the Released Parties in this action; and, reserves jurisdiction over any matters arising out of this Agreement.

3. Defendant Mercer shall pay, within seven (7) days of the date of this Order, $31,000 to Class Counsel for the amount due the Class Representative ($1,000) for the amount due to the Class Members ($5,000), and for attorneys' fees and costs, ($25,000), which amount will be held in trust until the 30-day appeal period has run. If a Class Member objects or intervenes, then these amounts shall be paid within 14 days, after the appeal period has run or, if any appeal is filed, then within 14 days of the final resolution of all appeals. Moreover, within 120 days after final approval of this Settlement by the District Court, Class

    Counsel shall provide Defendant's Counsel and the Court with a report stating the number of Class Members' checks which were returned or remain uncashed, and shall pay to Indiana Legal Services, Inc., any undistributed/unclaimed portion of the Class Settlement Fund. If Defendant elects to issue a Form 1099-MISC at year-end they must name "Philipps & Philipps, Ltd. (EIN #36-4325073)" as the sole "Payee" and they must list the full settlement amount in Box 14 for "Gross proceeds paid to an attorney".

4. This Court reserves jurisdiction over all matters arising out of the Settlement Agreement.

5. This action is hereby dismissed without prejudice and without costs; upon filing of the final report as to the distribution of the settlement fund to the Class, this dismissal shall converted into a dismissal with prejudice and this Court will no longer retain jurisdiction of this matter.

6. This order resolves all claims against all parties in this action.

SO ORDERED.

Dated: 24 OCT 2017

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.